NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LITGO NEW JERSEY, INC., et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Civil No. 06-2891 (AET) |
| LISA JACKSON, et al., | : : | **MEMORANDUM & ORDER** |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

This matter is before the Court on Defendants New Jersey Department of Environmental Protection ("DEP") and Lisa Jackson's (collectively, "Defendants") Motion to Dismiss Plaintiffs Litgo New Jersey, Inc., and Sheldon Goldstein's (collectively, "Plaintiffs") Amended Complaint. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motion is granted.

BACKGROUND

Plaintiffs Litgo New Jersey, Inc. ("Litgo"), and Goldstein commenced this action against Defendant Jackson, in her official capacity as the Commissioner of the DEP, seeking, under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, (1) an order compelling Defendant Jackson to investigate, abate, and remediate a solid and hazardous waste site in Somerville, New Jersey (the "Somerville site"); and (2) a declaratory judgment on Defendant Jackson's liability for her past and present contributions to the handling, storage, treatment, and

disposal of waste at the Somerville site.  (Pls.' First Compl. ¶ 2.)

Defendant Jackson moved to dismiss, which the Court denied on November 15, 2006. Shortly thereafter, Defendant Jackson answered Plaintiffs' Complaint, and pleaded two counterclaims.  The first counterclaim seeks to enforce a court order, entered on December 15, 1989, holding Plaintiff Litgo, as successor by means of a deed conveyance to a party bound by the court order, responsible for cleaning the Somerville site.  (Def. Jackson Answer, ¶¶ 73-81.) The second counterclaim seeks an injunction requiring Plaintiff Litgo to remediate the Somerville site pursuant to the RCRA and the Industrial Site Recovery Act ("ISRA"), N.J. Stat. Ann. § 13:1K-6 et seq.  (Id., ¶¶ 82-86.)

On August 31, 2007, Plaintiffs filed an amended Complaint against Defendants which brings claims for contribution against, *inter alia*, Defendant DEP for costs associated with the clean-up of the Somerville site under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J. Stat. Ann. § 58:10-23.11 et seq., and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.  Defendants now move to dismiss Plaintiffs' Complaint on the grounds that they enjoy sovereign immunity from suit pursuant to the Eleventh Amendment.

DISCUSSION

A.   Standard of Review for Motion to Dismiss

The principle of sovereign immunity is a limit, albeit a waivable one, on the Court's subject matter jurisdiction.  Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa., 141 F.3d 88, 91 n.3 (3d Cir. 1998).  Eleventh Amendment sovereign immunity is an affirmative defense, and the party raising it bears the burden of proving its applicability.  Christy v. Pa.

Turnpike Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995).  Nonetheless, a motion to dismiss on Eleventh Amendment immunity grounds is one properly considered under Fed. R. Civ. P. 12(b)(1).  Scott v. Pa. Dept. of Pub. Welfare, No. 02-3799, 2003 U.S. Dist. LEXIS 18081, at *5 (E.D. Pa. 2003) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996)).  For the purposes of a Rule 12(b)(1) motion, a court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor.  Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002).

B. Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Notwithstanding its literal text, the Eleventh Amendment has been construed to proscribe suits brought by citizens against their own states in federal court.  M.A. ex rel. E.S. v. State-Operated Sch. Dist. of the City of Newark, 344 F.3d 335, 344 (3d Cir. 2003).

There are three narrow exceptions to Eleventh Amendment immunity: "(1) abrogation by Act of Congress, (2) waiver by state consent to suit, and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law."  Id. at 345.  At issue in this Motion is whether the counterclaims filed by Defendant Jackson constitute consent to this lawsuit by the State Defendants.  Accordingly, the Court will focus on the notion of waiver.  "A finding of waiver is appropriate only where the state's consent is 'stated by the most express language or by such overwhelming implications from the [statutory] text as [will] leave no room for any other reasonable construction.'"  Id. (quoting Edelman v. Jordan, 415 U.S. 651, 673

(1974)).  The Court should "indulge every reasonable presumption against waiver."  M.A. ex rel. E.S., 344 F.3d at 345 (internal citation and quotations omitted).

A state agency is entitled to invoke Eleventh Amendment immunity "when a judgment against the agency 'would have had essentially the same practical consequences as a judgment against the State itself.'"  New Jersey Dept. of Envtl. Prot. v. Gloucester Envtl. Mgmt. Servs., Inc., 923 F. Supp. 651, 654-55 (D.N.J. 1995) (quoting Lake Country Estates, Inc. v Tahoe Reg'l. Planning Agency, 440 U.S. 391, 401 (1979)).

C.   Counterclaims by Defendant Jackson

Plaintiffs contend that the counterclaims, filed by Defendant Jackson in her official capacity as DEP Commissioner, constituted a waiver of Eleventh Amendment immunity by which the State Defendants are bound.  Defendants argue that they never expressly waived sovereign immunity or otherwise consented to suit by Plaintiffs in federal court.  Specifically, they argue that Defendant Jackson's counterclaims do not constitute consent to suit.  Further, Defendants assert that even if the Court were to find that Defendant Jackson did consent by filing counterclaims against Plaintiffs, the consequences of her conduct in this litigation cannot waive the State's sovereign immunity.

The parties agree that Defendant DEP, as a state agency operating within the executive branch of the State of New Jersey, N.J. Stat. Ann. § 13:1D-1, is entitled to invoke Eleventh Amendment immunity.  Gloucester, 923 F. Supp. at 662; see also Woodland Private Study Group v. New Jersey Dept. of Envtl. Prot., 616 F. Supp. 794, 799-800 (D.N.J. 1985) (dismissing claims against DEP on basis of Eleventh Amendment immunity).  Similarly, DEP Commissioner Jackson is appointed by and serves at the pleasure of the Governor, N.J. Stat. Ann. § 13:1B-2,

and is charged with enforcement of the State's environmental policies. N.J. Stat. Ann. § 13:1D-9. The Court notes that any potential judgment of liability or for contribution entered against Defendants would likely result in a judgment paid from the State treasury. Accordingly, Defendant Jackson is entitled to invoke Eleventh Amendment immunity in her official capacity as DEP Commissioner.

The Court agrees that Defendants did not expressly consent to suit or otherwise waive sovereign immunity. Further, the Court can find no authority for Plaintiffs' position that Defendant Jackson's counterclaims constitute consent to suit as to all claims which Plaintiffs might bring or that the counterclaims constitute a waiver of sovereign immunity on behalf of Defendant DEP. Plaintiffs' reliance on Gloucester is missplaced. In Gloucester, the court noted that "the correct inquiry is not whether one State agency or entity can waive the immunity of other State agencies or entities, but instead whether the State's submission of its rights to the federal court's determination gives rise to waiver of the immunity of the State for claims directly arising from the State's own causes of action." Gloucester, 923 F. Supp. at 663. There, the DEP had filed a series of amended complaints asserting state-law causes of action against a waste hauler and a number of its customers. Id. at 654. A number of defendants filed third-party complaints against state agencies who were also customers of the same waste hauler, seeking contribution on the former's liability. Id. The court denied the third-party defendant state agencies' motion for summary judgment on Eleventh Amendment immunity grounds on the basis that the defendants had "not enlarged the relief sought against the allegedly responsible state entities beyond the narrow confines of the State's [waste-hauler]-related claim itself." Id. at 664-65.

In contrast, Defendant Jackson's counterclaims here seek to hold Plaintiffs accountable for the remediation of the Somerville site through the enforcement of a prior court order and the RCRA.  These counterclaims arise from the Plaintiffs' own causes of action seeking injunctive and declaratory relief on the scope of Defendant Jackson's responsibilities to clean and remediate the Somerville site.  Within the posture of this litigation, Defendant Jackson asserts counterclaims that implicate the apportionment of liability for the costs of remediating the Somerville site, and do not leave her, or Defendant DEP, exposed to claims arising from other causes of action absent an express waiver by consent to suit.  See id. at 664 (noting that a state-plaintiff "does not automatically waive its sovereign immunity with respect to all plausible counterclaims.") (internal citation omitted).  Plaintiffs here hope to enlarge their relief by seeking contribution under the Spill Act and the CERCLA, two distinct causes of action unrelated to those asserted against Defendant Jackson, for the costs Litgo has incurred in remediating the Somerville site from Defendant DEP.  The Court, mindful of the presumption against waiver, declines to find that Defendants have waived their Eleventh Amendment immunity.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 3rd day of January, 2008,

ORDERED that Defendants New Jersey Department of Environmental Protection and Lisa Jackson's Motion to Dismiss Plaintiffs' Amended Complaint [40] is GRANTED.

                                                  s/ Anne E. Thompson
                                         _____
                                         ANNE E. THOMPSON, U.S.D.J.