NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                    :
LITGO NEW JERSEY, INC., et al.,     :
                                    :
        Plaintiffs,                 :
                                    :
            v.                      :   Civil No. 06-2891 (AET)
                                    :
LISA JACKSON, et al.,               :   MEMORANDUM & ORDER
                                    :
        Defendants.                 :
_____ :
```

THOMPSON, U.S.D.J.

This matter is before the Court on Plaintiffs Litgo New Jersey, Inc. and Sheldon Goldstein's (collectively, "Plaintiffs") Motion for Reconsideration of the Court's January 4, 2008 Memorandum and Order. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' Motion is granted.

BACKGROUND

The Court incorporates by reference the factual summary provided in its Memorandum and Order entered January 4, 2008 ("January 4th memorandum"). There, the Court found that counterclaims filed by Defendant Lisa Jackson against Plaintiffs did not waive sovereign immunity enjoyed by Defendant New Jersey Department of Environmental Protection ("DEP") under the Eleventh Amendment. Accordingly, the Court dismissed Plaintiffs' claims for damages under the New Jersey Spill Compensation and Control Act, N.J. Stat. Ann § 58:10-23.11 et seq. The Court also dismissed Plaintiffs' claims for declaratory and injunctive relief

under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, against Defendant Jackson. Plaintiffs now move for reconsideration of the Court's dismissal of their claims against Defendant Jackson.

## DISCUSSION

A.  Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Id. In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.  Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Notwithstanding its literal text, the Eleventh Amendment has been construed to proscribe suits brought by citizens against their own states in federal court.  M.A. ex rel. E.S. v. State-Operated Sch. Dist. of the City of Newark, 344 F.3d 335, 344 (3d Cir. 2003).

There are three narrow exceptions to Eleventh Amendment immunity: "(1) abrogation by Act of Congress, (2) waiver by state consent to suit, and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law."  Id. at 345.  While the Eleventh Amendment bars suits for money damages against state officials acting in their official capacities, it does not proscribe actions for injunctive relief against such defendants.  See Sarteschi v. Burlein, 508 F.2d 110, 113 (3d Cir. 1975).

Here, Plaintiffs have brought claims for injunctive and declaratory relief against Defendant Jackson in her official capacity, seeking prospective enforcement of the RCRA. Plaintiffs' claims against Defendant Jackson would qualify under subsection (3) above. Therefore, the Court grants Plaintiffs' Motion and reinstates Plaintiffs' claims against Defendant Jackson.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of March, 2008,

ORDERED that Plaintiffs Litgo New Jersey, Inc. and Sheldon Goldstein's Motion for Reconsideration of the Court's January 4th Memorandum and Order [64] is GRANTED; and it is further

ORDERED that Plaintiffs' claims against Defendant Lisa Jackson are reinstated.

                                                s/ Anne E. Thompson
                                       ————————————————
                                       ANNE E. THOMPSON, U.S.D.J.