NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LITGO NEW JERSEY, INC., et al., | : |
| Plaintiffs, | : Civil No. 06-2891 (AET) |
| v. | : **MEMORANDUM & ORDER** |
| MARK MAURIELLO, et al., | : |
| Defendants. | : |

THOMPSON, District Judge

     This matter is before the Court upon Defendants Mark Mauriello, in his official capacity as the Commissioner of the New Jersey Department of Environmental Protection ("NJDEP"), the NJDEP and the State of New Jersey's motion to dismiss the Fourth Amended Complaint as against them.[1]  The Court has decided this motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Defendants' motion is granted in part and denied in part.

---

[1] Defendants filed their motion to dismiss with respect to the Third Amended Complaint. Since filing their motion, Plaintiffs filed a Fourth Amended Complaint, which did not alter the allegations or counts as to Defendants the Commissioner, the NJDEP and the State of New Jersey.  Defendants then filed a motion to have their motion to dismiss applied to the Fourth Amended Complaint. (Docket # 199.)  That motion is granted, and the Court will proceed to consider Defendants' motion to dismiss with respect to the Fourth Amended Complaint.

**I.      Background**[2]

Plaintiffs named three New Jersey State defendants in their First Amended Complaint: (1) Lisa Jackson, in her official Capacity as the Commissioner of the NJDEP;[3] (2) the NJDEP; and (3) the State of New Jersey.  Upon the NJDEP's previous motion to dismiss, the Court dismissed the First Amended Complaint as to the NJDEP on the grounds that Plaintiffs' suit against the agency was barred by the Eleventh Amendment.  (Jan. 4, 2008 Order.)  However, Plaintiff's Second and Third Amended Complaints still included, and the Fourth Amended Complaint now still includes, a claim against the Commissioner for injunctive relief under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, and claims against the State itself for environmental cleanup costs under the New Jersey Spill Act, N.J.S.A. § 58:10-23.11f(a)(2) and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.  The Commissioner and the State now move to dismiss the claims against them as well on Eleventh Amendment grounds.[4]

---

[2] The Court has summarized the facts underlying Plaintiffs' claims in its previous orders and will not repeat them here.

[3] Commissioner Jackson has since been replaced as Commissioner by Marc Mauriello, and Commissioner Mauriello is now the named Defendant in this case.

[4] The NJDEP itself also now again moves to be dismissed on Eleventh Amendment grounds.  However, Plaintiff's Second, Third and Fourth Amended Complaints do not name the NJDEP as a Defendant, in accord with the Court's prior order dismissing the NJDEP as a party. (Jan. 4, 2008 Order.)  But, to the extent there remains any confusion as to whether the NJDEP is still named as a Defendant, the Court will now dismiss the NJDEP as a Defendant.

**II.     Analysis**

    A.     <u>Motion to Dismiss the State</u>

Plaintiffs agree that the State itself is not a proper party to this action under the Eleventh Amendment (Pls.' Opp. 1-2, 11), and the Court will therefore grant Defendants' motion with respect to the State itself and dismiss the State as a party.[5]

    B.     <u>Motion to Dismiss the Commissioner</u>

The Court has previously found that Plaintiffs' claim against the Commissioner for injunctive relief under the RCRA is not barred by the Eleventh Amendment.  (Mar. 6, 2008 Order.)  The Commissioner now argues that this claim must be dismissed as well under the Eleventh Amendment.  The Commissioner argues that Plaintiffs' inclusion of claims against the State for costs under the Spill Act and CERCLA reveals that Plaintiffs' "real target is the State of New Jersey" and that Plaintiffs' case is designed to win a money judgment from the State, which is barred by the Eleventh Amendment.  (Def.'s Br. 8 (citing sections of the Complaint relating to the claims against the State for costs of the cleanup).)  The Commissioner offers no other argument as to why the claim for injunctive relief against him should be dismissed.

The Court will not reverse its prior order allowing the claim for injunctive relief under the RCRA against the Commissioner to proceed.  While the Commissioner is correct that the claims against the State itself are barred by the Eleventh Amendment, the Court has now dismissed those claims and all that remains is the claim for injunctive relief against the Commissioner.

---

[5] There is some dispute as to whether the Court's prior order dismissing the NJDEP also dismissed the State and whether the State's instant motion to dismiss is necessary.  The Court will not address these arguments as they are now moot, and Plaintiffs' request for the costs of litigating this motion is denied.

CONCLUSION

IT IS on this 27th day of July, 2009,

ORDERED that Defendants' motion to dismiss [185] is GRANTED with respect to the State of New Jersey and the New Jersey Department of Environmental Protection and is DENIED with respect to the Commissioner of the New Jersey Department of Environmental Protection; and it is further

ORDERED that Defendants' motion to renew the motion to dismiss [199] is GRANTED.

                                              s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.