NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LITGO NEW JERSEY, INC, and Sheldon GOLDSTEIN, : : : : Plaintiffs, : : v. : : Mark MAURIELLO, in his official capacity as the Commissioner of the New Jersey Department of Environmental Protection, et al., : : : : : Defendants. : | 06-2891(AET) **OPINION** |

THOMPSON, U.S.D.J.

This matter has come before the Court on Defendant Kirby Avenue Realty Holdings, LLC ("Kirby Avenue") Renewed Motion for Judgment on Partial Findings pursuant to Fed. R. Civ. P. 52©.  The Court has decided this Motion based upon the submissions of the parties, presentation of evidence during trial from January 19, 2010 through February 9, 2010, and oral arguments of the parties on February 9, 2010.

**I.     Background**

Plaintiffs Litgo New Jersey, Inc. and Sheldon Goldstein ("Plaintiffs") brought claims against Kirby Avenue seeking injunctive relief under the Resource Conservation and Recovery Act of 1976, as amended by the Hazardous and Solid Waste Amendments of 1985 ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), contribution to costs and a declaratory judgment under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. § 58:10-23.11f(a)(2), and cost recovery and a declaratory judgment under the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et seq.  Plaintiffs claims are based upon allegations that both their property and property owned by Kirby Avenue were part of a sanitary landfill facility which was used in part for disposal of hazardous substances.

Plaintiffs' RCRA claim was dismissed upon Kirby Avenue's Motion for Summary Judgment. (12/31/09 Memorandum & Order 15-16 [docket # 286].)  However, in regards to Plaintiffs' CERCLA and Spill Act claims, the Court found that there were material questions of fact as to the release or discharge of hazardous substances and the incurrence of response costs. (*Id.* at 13-15.)  At trial, Kirby Avenue moved for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c) upon the close of Plaintiffs' case.  The Court declined to render judgment at that time.  Kirby Avenue then renewed its motion upon the close of evidence on February 9, 2010.

## II.     Findings of Fact

Kirby Avenue is the current owner of 50 Kirby Avenue, Somerville, New Jersey ("Kirby Property"), having purchased the property in March 2000.  The Kirby Property was historically part of a larger parcel of land known as the Somerville Iron Works Site ("Somerville Iron Works"), which also encompassed 40 Haynes Avenue, Somerville, New Jersey ("Litgo Property") and 6 Kirby Avenue, Somerville, New Jersey ("Mian Property").  Plaintiffs assert that between 1916 and 1952 Somerville Iron Works operated a sanitary landfill facility on all three of these properties and that hazardous substances were disposed of in the landfill.

The Court finds that there is insufficient evidence of a release of hazardous substances associated with the sanitary landfill facility or that hazardous substances were disposed of in the sanitary landfill.  Plaintiffs' suit focuses on groundwater contamination found in the Eastern and

2

Western Groundwater Plumes which emanate off of the Litgo Property. There is no evidence that connects the contamination in either of these plumes with the Kirby Property. Plaintiffs do not suggest that operations on the Kirby Property caused the contamination in the groundwater plumes, and no sampling or testing of the soil or groundwater has been conducted on the Kirby Property. The only substances likely disposed of in the sanitary landfill are slag and other wastes from the Somerville Iron Works foundry, as identified in the 1916 indenture. However, expert opinion at trial established that slag was typically a non-hazardous form of waste.

In addition, the Court finds that there is insufficient evidence that Somerville Iron Works operated a sanitary landfill on the Litgo Property. The 1916 indenture agreement submitted by Plaintiffs gives Somerville Iron Works the right to dump slag and other wastes onto the Mian and Kirby Properties, but does not mention the Litgo Property. The amount of slag identified in the soil borings on the Litgo Property was insubstantial and is more easily explained as being the natural result of nearby foundry operations or by the use of slag in grading and road construction on the property. The Court is unconvinced by expert testimony that the foundry would have used spare space on the east edge of the Litgo Property as a sanitary landfill, especially in light of contrary expert testimony that there was insufficient room in that area to operate the necessary machinery for a landfill and that such use of property would have cut off access to the existing buildings. Thus, it has not been proven that the landfill facility stretched onto the Litgo Property.

### III.     Conclusions of Law

#### A.     CERCLA

To establish liability under Section 107 of CERCLA, Plaintiffs must prove the following

four elements: (1) the site is a "facility"; (2) the defendant falls within one of the four classes of "responsible persons" listed in § 9607(a); (3) there has been a "release" or "threatened release" of hazardous substances at the facility; and (4) the release or threatened release has required or will require plaintiff to incur "response costs" that are consistent with the National Contingency Plan. 42 U.S.C. § 9607(a); *New Jersey Turnpike Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 103-4 (3d Cir. 1999).

In ruling on the parties' summary judgment motions on December 31, 2009, the Court found that for the purposes of Plaintiffs' CERCLA cost recovery claim against Kirby the appropriate "facility" was the entire Somerville Iron Works, encompassing the Litgo, Mian, and Kirby Properties. (*Id.* at 12.) The Court noted that a "facility" under CERCLA was to be defined "'at least in part by the bounds of the contamination.'" (*Id.* at 10 (*quoting United States v. Township of Brighton*, 155 F.3d 307, 313 (6th Cir. 1998).) The Court also noted that in defining the "facility," it considered factors such as ownership, control, and joint operations of the parcels during the years in which the sanitary landfill was in operation. (12/31/09 Order at 11-12.) The Court's ruling that the relevant facility was the entire Somerville Iron Works was based on preliminary evidence presented by Plaintiff that all three parcels had been used by the Somerville Iron Works as a sanitary landfill and that hazardous substances had been disposed of in the sanitary landfill. (*Id.* at 11-13.) Upon consideration of the evidence presented at trial, the Court finds it necessary to revise its earlier ruling.

Based upon the factors addressed above, the Court finds that the Litgo Property and the Kirby Property are not within the same "facility." A CERCLA "facility" includes "any site or area where a hazardous substance has been deposited, stored, disposed of, placed, or otherwise

come to be located." 42 U.S.C. § 9601(9). As discussed above, the Court found that Plaintiff had not proven that hazardous substances were disposed of or located in the sanitary landfill. The only areas proven at trial to have been contaminated by hazardous substances were the soil on the Litgo Property and the Eastern and Western Groundplumes. The Kirby Property is not within the bounds of this contamination, and it is not alleged that any operations carried out on the Kirby Property or jointly on all the properties were the cause of this contamination. Indeed, the only alleged connection between contamination on the Litgo Property and the Kirby Property was the operation of the sanitary landfill on both parcels. However, the Court has found that the sanitary landfill facility did not stretch onto the Litgo Property. For all of the above reasons, the Court concludes that the Kirby Property is not part of the "facility" at issue in this case. Thus, all CERCLA claims against Kirby Avenue will be dismissed.

      B.      **Spill Act**

Under the New Jersey Spill Act "any person who owns real property acquired on or after September 14, 1993 on which there has been a discharge prior to the person's acquisition of that property and who knew or should have known that a hazardous substance had been discharged at the real property, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred." N.J.S.A. 58:10-23.11g(c)(3). As discussed above, there is insufficient evidence of a discharge of hazardous substances on the Kirby Property. Therefore, the Court concludes that Kirby Avenue is not liable under the Spill Act.

**IV.    Conclusion**

Because Kirby Avenue is not part of the same "facility" as the Litgo Property and

because there is insufficient evidence of a discharge of hazardous substances on the Kirby Property, the Court will dismiss all claims against Kirby Avenue.  An order to that effect will follow.

                                                *s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.

Date:        February 16, 2010