NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LITGO NEW JERSEY, INC, and Sheldon GOLDSTEIN, | : : : : | |
| Plaintiffs, | : : | 06-2891(AET) |
| v. | : : | **OPINION** |
| Mark MAURIELLO, in his official capacity as the Commissioner of the New Jersey Department of Environmental Protection, et al., | : : : : : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

This matter has come before the Court on a bench trial on all counts of Plaintiffs Litgo New Jersey, Inc. and Sheldon Goldstein's (together, "Plaintiffs") Amended Complaint [docket # 215]. The Court has decided the claims against Defendant Mary Sanzari based upon the submissions of the parties, presentation of evidence during trial from January 19, 2010 through February 12, 2010, and oral arguments of the parties on February 12, 2010.

Plaintiffs brought claims against Mary Sanzari seeking injunctive relief under the Resource Conservation and Recovery Act of 1976, as amended by the Hazardous and Solid Waste Amendments of 1985 ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), contribution to costs and a declaratory judgment under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. § 58:10-23.11f(a)(2), cost recovery and a declaratory judgment under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et seq., and rescission of the Agreement of Sale and Deed for 40

Haynes Avenue, Somerville, New Jersey ("Litgo Property") pursuant to the New Jersey Sanitary Landfill Facility Closure and Contingency Fund Act ("Closure Act"), N.J.S.A. § 13:1E-100 et seq. Plaintiffs' RCRA claim was dismissed by Order of the Court upon a motion for summary judgment by the Sanzari Defendants.[1] (12/31/09 Memorandum & Order 20-21 [docket # 286].) However, the Court found that material questions of fact remained as to Plaintiffs' CERCLA, Spill Act, and Closure Act claims.

The Court finds that Mary Sanzari never owned the Litgo Property nor took any part in operations on the Litgo Property. The Court's finding is based on the testimony of Edward Schotz, on February 4, 2010, that Mary Sanzari was only on the deed transferring the Litgo Property to Sheldon Goldstein for the purpose of extinguishing her common law dower and curtesy rights, the fact that the deed by which Alfred Sanzari purchased the Litgo Property does not name Mary Sanzari as a purchaser, and David Sanzari's testimony, on January 26, 2010, that Mary Sanzari did not take direct any operations of Alfred Sanzari Enterprises or its properties.

To establish liability under Section 107 of CERCLA, a plaintiff must prove that the defendant falls within one of the four classes of "responsible persons" listed in § 9607(a). 42 U.S.C. § 9607(a). Because Mary Sanzari never owned nor operated the Litgo Property, the Court concludes that she is not a "responsible person" pursuant to CERCLA.

Similarly, because Mary Sanzari never owned or operated the Litgo Property, the Court concludes that she was not in any way responsible for any discharge of hazardous substances on the property. Thus, Mary Sanzari is not liable under the New Jew Jersey Spill Act.

Finally, rescission of the Agreement of Sale and Deed is not a viable remedy against

---

[1] The Sanzari Defendants include Alfred Sanzari Enterprises, Mary Sanzari, David Sanzari, as Executor of the Estate of Alfred Sanzari, and Chuck Huttle, as Executor of the Estate of Alfred Sanzari.

Mary Sanzari because she was never owner of the Litgo Property and was not party to the Agreement of Sale. Plaintiffs' Closure Act claim against Mary Sanzari therefore fails.

The Court concludes that, because Mary Sanzari never owned the Litgo Property nor directed operations on the Litgo Property, all claims against her must be dismissed on the merits. An order to that effect will follow.

>  */s/ Anne E. Thompson*
>  _____
>  ANNE E. THOMPSON, U.S.D.J.

Date:        February 17, 2010