UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LITGO NEW JERSEY, INC, and
Sheldon GOLDSTEIN,

   Plaintiffs,

v.

Bob MARTIN, in his official capacity as the
Commissioner of the New Jersey Department
of Environmental Protection, et al.,

   Defendants.

Civ. No. 06-2891 (AET)

OPINION & ORDER

RECEIVED

NOV - 3 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court on the Motion for Entry of a Consent Judgment [docket # 409] submitted by Defendant Bob Martin, Commissioner, State of New Jersey Department of Environmental Protection ("Commissioner") and Plaintiffs Litgo New Jersey, Inc. and Sheldon Goldstein (together, "Plaintiffs"). The Court has decided the motion after taking into consideration the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion for Entry of a Consent Judgment is granted.

## II. BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action. In brief, this case arises out of a dispute involving the presence of TCE and other hazardous substances at, and emanating from, the Litgo Property and the Defendants' alleged responsibility for the presence of these hazardous substances.

1

Plaintiffs initiated this action on June 26, 2006, by filing a Complaint against the Commissioner pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C.A. § 6901, et seq. [1].

Plaintiffs subsequently filed five Amended Complaints, naming additional defendants to the lawsuit and adding claims against the newly-added defendants pursuant to RCRA, as well as the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C.A. § 9601, et seq.; New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11f(a)(2); and New Jersey Sanitary Landfill Facility Closure and Contingency Fund Act ("Closure Act"), N.J.S.A. 13:1E-100 (together, "the Environmental Statutes"). [24, 52, 106, 195, 215.] In their Fifth Amended Complaint, Plaintiffs seek injunctive relief pursuant to RCRA requiring the Commissioner and other Defendants to remediate the Litgo Property. (Fifth Amend. Compl. § 2 ) [215].

From January 19, 2010 through February 12, 2010, this Court held a seventeen-day bench trial regarding the parties' liability under the Environmental Statutes. On June 10, 2010, this Court issued its Memorandum Opinion finding the United States Defendants, the Sanzari Defendants and Plaintiffs liable under either § 107 or § 113 of CERCLA, and Sanzari Defendants and Plaintiff Litgo liable under the Spill Act. In addition, the Court found that the United States Defendants and the Commissioner were liable persons under RCRA but deferred the order of injunctive relief until it could hear further argument on the matter. (Op. of June 10, 2010, at 79–80) [358].

Plaintiffs and the Commissioner have engaged in negotiations towards the settlement of their various claims. On October 22, 2010, the Commissioner filed a Motion for Entry of a Consent Decree between himself and Plaintiffs (the "Original Consent Judgment") in which the

Commissioner agreed to have the New Jersey Department of Environmental Protection perform a remedial investigation and, if needed, remediation of the western contaminant plume on or adjacent to the Litgo Property, in return for the Plaintiffs agreeing to resolve all of their claims against the Commissioner. [370].

On November 1, 2010, the United States Defendants [371] and Sanzari Defendants [372] opposed the motion, raising objections in particular to two provisions of the Original Consent Judgment. These provisions purported to preserve Plaintiffs' right of contribution and protect Plaintiffs from contribution actions or claims under §§ 113(f)(1) and 113(f)(2) of CERCLA., (U.S. Defs. Brief, at 2–3), and the differences between the Court's June 10, 2010 Opinion and the Consent Judgment, (Sanzari Defs. Brief, at 1, 4–5).

The Court heard argument for and against entry of the Original Consent Judgment on January 3, 2011. Subsequent to the hearing, on January 3, 2011, the Commissioner, Plaintiffs, the United States Defendants, and the Sanzari Defendants entered into settlement negotiations to address the objections to the Original Consent Judgment raised by the United States Defendants and the Sanzari Defendants.

As a result of these negotiations, the United States Defendants agreed to withdraw their objections to the consent decree in return for certain proposed modifications. Plaintiffs and Commissioner acceded to the proposed modifications. As a result, on May 10, 2011, this Court denied without prejudice the Commissioner's motion for entry of the Original Consent Judgment. [391].

On June 6, 2011, the Commissioner put the Consent Judgment out for further public comment in light of the revisions to the Original Consent Judgment. (Mot. for Consent J., at 3).

The New Jersey Department of Environmental Protection has not received any objections to the Consent Judgment as revised. (*Id.*)

### III. ANALYSIS

Before entering a consent decree in a CERCLA case, the Court "must satisfy itself that the proposed decree is fair, adequate and reasonable, and consistent with the Constitution and the mandate of Congress." *United States v. Rohm & Haas Co.*, 721 F. Supp. 666, 680 (D.N.J. 1989). The Court's "core concern" should be "ensuring that the decree furthers the public interest as expressed in CERCLA." *Id.* (citations omitted). The standard to be applied "is not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objective of the governing statute." *United States v. Kramer*, 19 F. Supp. 2d 273, 280 (D.N.J. 1998) (citations omitted).

In this case the Court is satisfied that the consent judgment reflects good faith negotiations between the parties. Assessing the fairness of a CERCLA consent decree requires addressing both procedural and substantive fairness. *Id.* at 283. Procedural fairness considers the openness, candor, and bargaining balance of the settlement process. *Id.* The Court notes in particular the lengthy exchange between the parties in the wake of the Court's January 3, 2011 hearing and February 24, 2011 telephone conference as well as the revisions made to the Consent Judgment in view of comments and objections received from non-participating Defendants. As such, the Court believes all parties were afforded sufficient opportunity to protect their rights and interests and that no party is unduly prejudiced by entry of this Consent Judgment.

The Court also finds the agreement underlined in the Consent Judgment to be substantively fair. Substantive fairness "goes to the fairness of the result, and requires that the settlement terms are 'based upon and roughly correlated with some acceptable measure of

comparative fault . . . .'" *Id*. at 285.  While the Court is not required to reconstruct the settlement process and delve into the details upon which the settling parties based their negotiations, the Court notes that the settlement represents a reasonable compromise, allowing the cleanup of the contaminated Litigo site to move forward while not undermining this Court's decisions with respect to liability in this case.  Given the protracted nature of this dispute, the Court believes the public interest in the efficient and expeditious resolution of environmental cleanup claims strongly militates in favor of entering the decree.

### IV.     CONCLUSION

For the foregoing reason, IT is on this 2nd day of November 2011,

ORDERED that the Motion for Entry of a Consent Judgment is GRANTED.

_____
ANNE E. THOMPSON, U.S.D.J.